IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 8:19CV266 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| PETE RICKETTS, | ) | |
| DANIEL BIRDSAHL, | ) | |
| NEBRASKA COMMISSION ON | ) | |
| ILLEGAL PRACTICE OF LAW, and | ) | |
| ROBERT B. EVNEN, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, who appears pro se, filed his Complaint on June 19, 2019. (Filing 1) He has been given leave to proceed in forma pauperis. (Filing 5) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. SUMMARY OF COMPLAINT

Plaintiff seeks to recover damages for being named as a defendant in a civil action, *State of Nebraska and Comm'n on Unauthorized Practice of Law, ex rel Peterson v. Tyler*, Case No. CI 15-6725, District Court of Douglas County, Nebraska, which was dismissed on March 30, 2018, after the district court determined that the Nebraska Supreme Court has exclusive jurisdiction to issue injunctions for the unauthorized practice of law.[1] Plaintiff claims his constitutional rights were violated.

---

[1] Plaintiff previously filed a § 1983 action against the presiding judge, *Tyler v. "Kimes,"* Case No. 8:18CV74, United States District Court for the District of Nebraska, which was dismissed on initial review on June 20, 2018, based on Eleventh Amendment immunity (with respect to official-capacity claims) and judicial immunity (with respect to individual-capacity claims).

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. ANALYSIS

Liberally construing Plaintiff's Complaint, this is an action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges: "We want $100,000,000 for the violation of our constitutional rights in Ci156725 where state assistant attorney generals ... charged us with illegal practice of law which charge [was] thrown out by judge ...." (Filing 1, p. 1) In essence, Plaintiff is asserting

a claim for malicious prosecution. *See, e.g., Prokop v. Hoch*, 607 N.W.2d 535, 540 (Neb. 2000) ("In a malicious prosecution case, the necessary elements for the plaintiff to establish are (1) the commencement or prosecution of the proceeding against him or her; (2) its legal causation by the present defendant; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage, conforming to legal standards, resulting to the plaintiff.").

"It is well established in this circuit that '[a]n action for malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury.'" *Pace v. City of Des Moines*, 201 F.3d 1050, 1055 (8th Cir. 2000) (quoting *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 977 (8th Cir.1993)). "[M]alicious prosecution can form the basis of a § 1983 suit only if defendant's conduct also infringes some provision of the Constitution or federal law." *Sanders*, 984 F.2d at 977.

Plaintiff's allegation that his constitutional rights were violated is a legal conclusion, unsupported by any facts. This is insufficient to state a viable claim for relief under § 1983. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Section 1983 only provides a cause of action against a "person" who, acting under the color of state law, deprives another of his or her federal constitutional or statutory rights. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* In addition, the Eleventh Amendment bars claims for damages that are brought in federal court by private parties against a state, a state instrumentality, or a state employee who is sued in his or her official capacity. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995).

The Commission on Unauthorized Practice of Law was created, and its members appointed, by the Nebraska Supreme Court. *See* Neb Ct. R. § 3-1011. Daniel Birdsall is an Assistant Attorney General who prosecuted the action that was filed against Plaintiff by the Nebraska Attorney General on the relation of the Commission. He and the other defendants are sued only in their official capacities. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity,

a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.").

Birdsall would also be immune from suit in his individual capacity. Even though the lawsuit against Plaintiff was a civil action, prosecutorial immunity applies. *See Simes v. Arkansas Judicial Discipline & Disability Comm'n*, 734 F.3d 830, 834 (8th Cir. 2013) (executive director of judicial discipline commission was immune from suit because his role in disciplinary proceeding was "functionally comparable to that of a prosecutor") (quoting *Thomason v. SCAN Volunteer Servs., Inc.*, 85 F.3d 1365, 1373 (8th Cir. 1996)); *see also Fernandes v. Moran*, No. 217CV03430ADSSIL, 2018 WL 2103206, at *4 (E.D.N.Y. May 7, 2018) (federal, state, and local attorneys who initiate civil proceedings on behalf of the government are entitled to prosecutorial immunity) (citing cases).

Pete Ricketts is the Governor of Nebraska, and Robert Evnen is the Secretary of State. Neither of these elected officials are alleged to have participated in the state court action, so there can be no personal liability. *See White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017) ("To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation.").

## IV. CONCLUSION

For the several reasons stated above, Plaintiff's Complaint fails to state a claim upon which relief may be granted. The court will not grant Plaintiff leave to amend because any amendment would be futile.

IT IS THEREFORE ORDERED that this action is dismissed without prejudice. Judgment shall be entered by separate document.

DATED this 31st day of July, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge